Eastern District of Kentucky
FILED
OCT 1 3 2005
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION
CIVIL ACTION NO. 05-73-DLB

TINA HONICAN, PLAINTIFF,

v.

STONEBDRIDGE LIFE INSURANCE
COMPANY and JC PENNEY LIFE
INSURANCE COMPANY, DEFENDANTS

## MEMORANDUM ORDER

This matter is presently before the court on defendant's motion to bifurcate and hold discovery in abeyance. Plaintiff has filed a response, to which defendants have filed a reply.

## FACTUAL BACKGROUND

Plaintiff, Tina Honican, is the beneficiary of an accidental death insurance policy issued by Stonebridge Life Insurance Company (hereinafter "Stonebridge"). (Plaintiff's response, DE # 8, p. 1). Stonebridge issued a policy to JC Penney Corporation, Inc., which then issued coverage to the insured, Addie Anderson. (Defendant's memorandum in support of motion, DE. # 7, p. 1). The insurance policy provided for payment of accidental death benefits if the conditions of the policy were met.[1]

On January 9, 2004, Addie Anderson fractured her hip in a fall at Plaintiff's residence and was admitted to St. Luke Hospital on the same day. (Defendant's reply, DE # 9, p. 2). Anderson underwent surgery on January 13, 2004 to repair the broken hip. Although the

---

[1] Defendants note that the face value of the policy was $90,000 when issued, but provides for a reduction of benefits by one-half when the insured reaches the age of 70. In this case, defendant alleges that the insured was 72 when the policy was issued.

Operative Record shows that she "tolerated the procedure quite well," Anderson suffered a massive stroke on January 14 and died later that day. (DE # 8, p. 2).

Plaintiff, Anderson's daughter and sole beneficiary under the policy, filed a claim on February 3, 2004, with Stonebridge to recover the $45,000 in benefits. (DE. # 8, p. 2). On March 17, 2004, Stonebridge denied Plaintiff's claim for benefits because it determined that Anderson did not die from an "accidental bodily injury," as the policy requires, but from a stroke. (DE # 7, p. 2). Believing that Stonebridge improperly denied her claim for benefits, Honican filed suit on April 23, 2004, alleging:

| | |
|---|---|
| Count I | Breach of Contract; |
| Count II | Violation of the UCSPA (statutory bad faith); |
| Count III | Violation of the CPA; |
| Count IV | Common law bad faith; and |
| Count V | Fraud and bad faith punitive damages |

On August 3, 2005, Stonebridge filed a motion to bifurcate and hold discovery in abeyance. Stonebridge contends that bifurcating Plaintiff's breach of contract claim from her non-contract claim will "maximize the efficiency of these proceedings without burdening or prejudicing any of the parties" because resolution of the breach of contract claim in Defendant's favor would be dispositive of Plaintiff's entire complaint (DE # 7, p. 6).

## STANDARD

Rule 42(b) of the Federal Rules of Civil Procedure allows the court to bifurcate trial if such an action would be "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Fed. R. Civ P. 42(b). "Only one of these criteria needs to be met to justify bifurcation" and the language of Rule 42(b) places the decision

to determine what issues or claims should be tried separately within the discretion of the district court. *Saxion v. Titan-C-Manufacturing, Inc.*, 86 F.3d 553, 556 (6th Cir. 1996).

The principal purpose of Rule 42(b) "is to enable the trial judge to dispose of a case in a way that advances judicial efficiency and is fair to the parties." *In re Bendectin Litigation*, 857 F.2d 290, 307 (6th Cir. 1988). However, "[i]t is the interest of efficient judicial administration that is to be controlling, rather than the wishes of the parties." *Id.* "In deciding whether one trial or separate trials will best serve the convenience of the parties and the court, avoid prejudice, and minimize expense and delay, the major consideration is directed toward the choice most likely to result in a just final disposition of the litigation." *Id.*

## DISCUSSION

The Sixth Circuit has specifically held that "whether the resolution of a single issue would be dispositive of an entire claim is highly relevant in determining the efficacy of bifurcation." *In re Beverly Hills Fire Litig.*, 695 F.2d 207, 216 (6th Cir. 1982). Under the facts of this case, plaintiff's claims in Count II, III, IV, and V of the complaint are all contingent upon a finding that Stonebridge breached the insurance contract by failing to provide benefits upon Anderson's death. Therefore, resolution of this single issue is likely to be dispositive of plaintiff's entire complaint.

Bifurcating the breach of contract claim from plaintiff's bad faith claims is appropriate in this case; if the plaintiff does not prevail on her breach of contract claim, there can be no basis for concluding that the defendant acted in bad faith. *See Cook v. United Services Auto. Ass'n*, 169 F.R.D. 359, 361 (D. Nevada 1996)(finding bifurcation to be appropriate on same grounds). The Supreme Court of Kentucky has recognized that "absent a contractual obligation, there simply is no bad faith cause of action, either at common law or by statute." *Davidson v. American Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000). Therefore, plaintiff's bad faith

3

claims in Counts II, III, and IV of the complaint "arise out of" the breach of contract claim in Count I and the need for litigation of these counts "would be obviated" by a finding that Defendant did not breach the insurance contract. *Cook v. United States Auto. Ass'n*, 169 F.R.D. at 361.

Similarly, severing the breach of contract claim from the fraud and punitive damages claims is appropriate because the Kentucky Supreme Court has stated "whether [a] dispute is merely contractual or whether there are tortious elements justifying an award of punitive damages first depends on whether there is proof of bad faith." *Wittmer v. State Farm Auto. Ins. Co.*, 864 S.W.2d 885 (Ky. 1993). A finding that Stonebridge did not breach the insurance contract eliminates the possibility of bad faith, *see Davidson*, 25 S.W.2d at 100.

In short, bifurcation is appropriate. Judicial efficiency and convenience, two goals of Rule 42(b), will be served by saving all parties involved the time and expense of preparing to litigate issues that may never be reached by the Court if Defendant is found not to have breached the insurance agreement. Although "bifurcation of the trial does not necessarily require bifurcation of discovery," the decision to stay to discovery is within the discretion of the trial court. *Cook v. United States Auto. Ass'n*, 169 F.R.D. at 362. "One of the purposes of bifurcation under Rule 42(b) is to defer costly discovery and trial preparation costs pending the resolution of preliminary liability issues." *Novopharm Ltd. v. Torpharm, Inc.*, 181 F.R.D. 308, 312 (E.D. NC 1998). As such, one of the major benefits of bifurcation is the simplification of discovery. *Id.*

Under the facts of this case, evidence pertaining to plaintiff's breach of contract claim is largely separate and distinct from evidence relating to the fraud and punitive damages claims. The amount of discovery pertaining to issues of bad faith, fraud, and punitive damages would greatly exceed what is needed to properly resolve the first issue of breach of contract. Thus,

4

holding discovery on Counts II – V of the complaint in abeyance will save all parties involved from the effort and expense of "conducting discovery and preparing for trial of claims that may be disposed of in a previous trial." *United State Fire Insurance Co. v. Millard*, 847 S.W.2d 668, 673 (Tex. App. 1993).

Accordingly, **IT IS ORDERED** that defendant's motion to bifurcate and hold discovery in abeyance (DE #7) be **GRANTED**.

This the 13th day of October, 2005.

Signed By:
**J. Gregory Wehrman**
**United States Magistrate Judge**